UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINEE P., | ) |
|     Plaintiff | ) ) ) |
| v. | ) )   1:22-cv-00242-JAW |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retained the functional capacity to perform substantial gainful activity between Plaintiff's alleged onset of disability and the expiration of Plaintiff's Title II disability insurance benefits. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the decision and remand the matter for further proceedings.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the August 27, 2021, decision of the

Administrative Law Judge.  (ALJ Decision, ECF No. 7-10).[1]  The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520.

The review of Defendant's denial of Plaintiff's application for Title II benefits focuses on whether Defendant permissibly concluded that Plaintiff failed to demonstrate that she was under a disability between her alleged disability onset date, February 17, 2016, and the expiration date of her Title II disability insurance benefits, September 30, 2016.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of Ehlers-Danlos syndrome and calcific tendinitis (presumably of the right shoulder).  (R. 53.)  The ALJ rejected Plaintiff's contention that she suffers from severe mental impairments.  The ALJ assessed Plaintiff with a residual functional capacity (RFC) to perform work at the light exertional level, subject to certain limitations.  At step five, the ALJ found that Plaintiff was not disabled because the RFC assessed by the ALJ for the relevant period would have permitted work in occupations existing in significant numbers in the national economy.  (R. 62-63.)  Plaintiff does not dispute that the RFC assessed would enable work in the occupations identified by the ALJ.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erred in the assessment of the medical evidence and improperly evaluated Plaintiff's reports of symptoms. Additionally, Plaintiff argues that certain opinion evidence provided to the Appeals Council after the administrative hearing necessitates a remand.

Plaintiff's first argument relates to the significance of her 2018 diagnosis of Ehlers-Danlos Syndrome Hypermobile Type. Ehlers-Danlos is a disorder of the connective tissue that could reasonably be viewed to explain at least some of Plaintiff's many longstanding symptoms. (ALJ's Decision at 7; R. 56.) Plaintiff argues that the diagnosis supports Plaintiff's subjective complaints and, therefore, the ALJ erred in dismissing Plaintiff's report of debilitating symptoms during the relevant period in 2016. Plaintiff contends that the post-hearing opinion from a treatment provider (Lysander Jim, M.D., R. 43, PageID # 76) reflects that her syndrome would have had a disabling impact on her throughout the relevant period and continuing and confirms the significance of the

diagnosis and symptoms.

Agency consulting physicians reviewed Plaintiff's medical records as part of the initial administrative determination and upon reconsideration. By the time of the review at reconsideration, Plaintiff had been diagnosed with Ehlers-Danlos. The agency consultant, J. Lane, M.D., noted the existence of the Ehlers-Danlos diagnosis but concluded that a review of the record revealed that there was insufficient evidence "to adjudicate function during the period." (R. 130-31, PageID # 165.) The ALJ interpreted the opinions of the agency consultants at the initial and reconsideration stages as consistent in the conclusion that the record lacked enough evidence to assess Plaintiff's physical impairments. The ALJ gave the opinions little weight, writing:

> The opinions by the State agency medical consultants (Roy Brown, MD [initial], and J. Lane, MD [reconsideration]), are given little weight (Exhibit B1A [initial] and B6A [reconsideration]). The assessment was that the claimant's physical impairments could not be evaluated because of insufficient evidence. As detailed above, this assessment is not supported by the relevant objective medical evidence and is inconsistent with evidence from other medical and nonmedical sources. This evidence supports a finding that the claimant's Ehlers-Danlos syndrome and calcific tendinitis of the right shoulder were severe impairments. Further, this assessment is given little weight because it did not have the benefit of considering new evidence received regarding the claimant's impairments. I have adopted those specific restrictions on a function-by-function basis that are best supported by the evidence as a whole.

(R. 59, PageID # 93.) The ALJ found the other opinion evidence of record regarding Plaintiff's physical impairments to be of little assistance in fashioning Plaintiff's RFC. The ALJ nevertheless assessed an RFC.

An "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of

functional loss, and its effect on job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment."). That is, while an ALJ is not required to call a medical expert, *see Hallock v. Astrue*, No. 2:10-cv-00374-DBH, 2011 WL 4458978, at *2 (D. Me. Sept. 23, 2011) (rec. dec., *aff'd* Feb. 28, 2010), an ALJ may not substitute her or his judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16.

In this case, the ALJ discounted all the relevant expert opinions assessing Plaintiff's physical impairment and based on the ALJ's assessment of the medical records, formed Plaintiff's RFC. The ALJ found that Plaintiff's impairments (Ehlers-Danlos syndrome and calcific tendonitis) would reasonably cause "only some of the alleged symptoms." [2] (R. 56.) The ALJ did not cite any medical opinion to support the conclusion that only some of the symptoms would be caused by Ehlers-Danlos. Particularly where Plaintiff had been diagnosed with Ehlers-Danlos, a condition of varied types and symptoms, including some symptoms consistent with Plaintiff's complaints, the issue is whether the ALJ's RFC assessment can reasonably be characterized as within

---

[2] The Administration's regulations represent that Defendant will consider all the symptoms, including pain, reported by the claimant, and the extent to which the symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a).

5

...

a layperson's expertise.

Although a diagnosis alone does not dictate or govern a claimant's RFC, *see, e.g., St. Laurent v. Berryhill*, No. 17-cv-053-LM, 2018 WL 1521854, at *3 n.6 (D. N.H. Mar. 28, 2018) (diagnosis alone "is not relevant to an ALJ's RFC assessment; [r]ather, the functional limitations associated with a diagnosis govern the RFC assessment"), a diagnosis can inform and is relevant to the assessment of (a) whether certain symptoms will persist and perhaps worsen and (b) a claimant's subjective statements and activity level. Here, in the assessment of Plaintiff's RFC, the ALJ made a specific finding as to the medical cause of Plaintiff's symptoms. That is, the ALJ, without a supporting medical expert opinion, concluded that Plaintiff's impairment, including a relatively complex condition, was not the cause of some of Plaintiff's symptoms. In doing so, the ALJ impermissibly assessed raw medical information in formulating Plaintiff's RFC. Remand, therefore, is warranted.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[3] Because remand is warranted, I do not address Plaintiff's challenge to the Appeals Council's decision.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of March, 2023.